# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ELLEN GARBER,

    Plaintiff,                        CASE NO. 07-14835

v.                                   DISTRICT JUDGE THOMAS LUDINGTON
                                    MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S APPLICATION
## TO PROCEED WITHOUT PREPAYMENT OF FEES
(Dkt. 2.)

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees be **DENIED**.

**II.**     **REPORT**

Pending, pursuant to an Order of Reference for general case management from District Judge Thomas Ludington issued November 9, 2007 (Dkt. 4,) is Plaintiff's application to proceed without prepayment of fees. (Dkt. 2.) This Report and Recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990)(holding that magistrate judges lack authority to deny pauper status).

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed

without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *see id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *See id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Accord, *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E. D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004)(denying IFP status where plaintiff had $80,000 of equity in real estate and automobiles valued at a total of $30,000). In addition, the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend." *Caldwell*

*v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D.Ala. Apr. 29, 2005)(unpublished), see also, *Friedman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002).

The Court notes that although Plaintiff did not list real property as an asset, the Isabella County Register of Deeds indicates that the address given as Plaintiff's home address is a parcel of real property owned by Lena Garber. The court presumes that Lena Garber is a relative who assists Plaintiff in providing a residence. I further note that Plaintiff did not list Lena Garber as a creditor on her application for appointment of counsel. (Dkt. 3.) Instead, the only creditors listed were "MSU Credit Union" in the amount of $10,000, or $353/month and "Chase" in the amount of $5,000 or $125/month. (Dkt. 3.)

More importantly, Plaintiff indicates that she has approximately $215,000 in a savings account, a 1993 Honda valued at $12,000 ($10,000 owed) and stock valued at $1,000. (Dkt. 2 and 3.) Finally, Plaintiff indicates she earns approximately $9,500 in interest per year on her savings account. In light of these assets, I suggest that Plaintiff is not so impoverished as to justify the waiver of fees. The Department of Health and Human Services' 2007 poverty level guideline for a single person is $10,210.[1] Although Plaintiff's "income" generated from her savings account interest places her just below the poverty level, I suggest that the value of her assets, especially the $215,000 savings account, reveals that she nonetheless possesses the financial ability to cover the costs of litigation without financial hardship.

Financial ability has been found in circumstances less favorable than those of the instant case. *Bloom v. San Diego County Offices of Health and Human Services*, No. 07-CV-1692W(RBB), 2007 WL 2782562 (S. D. Cal. Sept. 25, 2007)(denying IFP status where plaintiff

---

[1] This information is available on the Internet at http://aspe.hhs.gov/poverty/07poverty.shtml.

had no dependents and owned a vehicle outright); *Scherer v. State of Kansas,* No. 06-2446-JWL, 2006 WL 3147731 (D. Kan. Nov. 1, 2006)(denying IFP status where plaintiff had $43,000 equity in his home, $800 in bank accounts, and cars valued at a total of $14,000, and an unspecified amount of income from veteran's benefits and social security); *Daniel v. United States of America*, No. 05-2344-B/P, 2006 WL 626244 (W. D. Tenn. Mar. 9, 2006)(denying IFP status where plaintiff's inmate account had a balance of $587.47); *Goldstein v. Timoney*, No. 01-481, 2001 WL 179868 (E. D. Pa. Feb. 20, 2001)(denying IFP status where plaintiff reported annual income of $6,061.56 and could afford a post office box rental fee); *Williams v. SEPTA Trans. Lines*, No. 99-359, 1999 WL 54525 (E. D. Pa. Jan. 25, 1999)(denying IFP status where plaintiff reported monthly income of $521 and who had filed several lawsuits in two months).

In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of his litigation and still provide for herself. *Adkins*, 335 U.S. at 339. Accordingly, I suggest that Plaintiff's application be denied because her access to court is not blocked by her financial condition, but rather, she is properly in the position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not

preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: November 15, 2007                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on the Commissioner of Social Security, served on Ellen Garber by first class mail, and served on U.S. District Judge Ludington in the traditional manner.

Date:  November 15, 2007                     By     s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder